UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) DEEDRA HARPER,<br><br>Plaintiff,<br><br>v.<br><br>(2) 3 D WOLF TRANSPORT, LLC and<br><br>(3) DANIEL JOSEPH WOLF<br><br>Defendants. | )<br>)<br>)<br>)<br>)   Case No.: <u>CIV-21-875-JD</u><br>)   *(formerly Beckham County District*<br>)   *Court; Case No.: CJ-2021-72)*<br>)<br>)<br>)<br>)<br>) |

## **DEFENDANTS' NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, 3 D Wolf Transport, LLC and Daniel Joseph Wolf (hereinafter "Defendants"), hereby remove the above-captioned action from the District Court of Beckham County, State of Oklahoma, to this Court. In accordance with LCvR 81.2, a copy of the state court docket sheet, as well as all documents filed or served in the state court action, are attached hereto as **EXHIBITS 1-4.**

The removal of this case to federal court is based on the following:

### **FACTUAL BACKGROUND**

1. This action arises from an October 4, 2019 motor vehicle accident which occurred between Plaintiff and Defendant Daniel Wolf. (*See* Petition, ¶1, **Exhibit 2**.)

2. Plaintiff alleges Defendant negligently operated his vehicle, causing a collision with her vehicle. (*See* Petition, ¶3, **EXHIBIT 2**.)

3. Plaintiff claims Mr. Wolf was on the job for 3 D Wolf Transport, LLC at the time of the collision. (*See* Petition, ¶5, **EXHIBIT 2**.)

4. According to Plaintiff, as a result of the accident she suffered bodily injuries. (*See* Petition, ¶4, **EXHIBIT 2**.)

5. On August 13, 2021, Plaintiff filed the present lawsuit in the District Court of Beckham County, Oklahoma. (*See generally*, Petition, **EXHIBIT 2**.)

## JURISDICTION

6. "'Federal courts are courts of limited jurisdiction. They possess only the power authorized by the Constitution and statute . . .'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). For a federal court to have original jurisdiction over a case or controversy, there must exist a federal question or diversity jurisdiction.

7. Generally, jurisdiction depends upon the state of things at the time of filing. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004).

8. At the time Plaintiff's Petition was filed, federal question jurisdiction did not exist. Specifically, Plaintiff makes no allegations that the Constitution or any federal statute has been violated. (*See* generally, Petition, **EXHIBIT 2**.)

9. However, as demonstrated herein, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). More specifically, the parties to this lawsuit are citizens of different states and, as shown below, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## COMPLETE DIVERSITY EXISTS

10. Upon information and belief, at the time of filing, Plaintiff was a resident and citizen of the State of Oklahoma. (*See* Medical Lien, filed June 25, 2020, **EXHIBIT 5**, showing Plaintiff to be a resident of Elk City, Oklahoma; Official Oklahoma Traffic Collision Report, **EXHIBIT 6**, showing Plaintiff to be a resident of Elk City, Oklahoma.)

11. At the time of filing, Defendant Daniel Wolf was a resident of the State of Texas. (*See* Defendant's Driver's License, **EXHIBIT 7**, showing Defendant to be a resident of Windthorst, Texas; Affidavit of Daniel Wolf, **EXHIBIT 8**; showing Defendant to be a resident of Windthorst, Texas; Official Oklahoma Traffic Collision Report, **EXHIBIT 6,** showing Defendant to be a resident of Windthorst, Texas.)

12. For purposes of diversity jurisdiction, the citizenship of an unincorporated entity is determined by the citizenship of all of its members. *Carden v. Arkoma Assoc.*, 110 S. Ct. 1015, 1021 (1990); *see also Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016).

13. At the time of filing, Defendant 3 D Wolf Transport, LLC was comprised of two members, Daniel Wolf and Vivian Wolf, both of whom were citizens of the State of Texas. (*See* Certificate of Formation, **EXHIBIT 9**; Affidavit of Daniel Wolf, **EXHIBIT 8**.) Thus, 3 D Transport, LLC is considered to be a citizen of the State of Texas.

14. As Plaintiff and Defendants are citizens of different states, the complete diversity requirement of 28 U.S.C. § 1332 is met.

## THE AMOUNT IN CONTROVERSY EXCEEDS THAT REQUIRED BY 28 U.S.C. § 1332 FOR DIVERSITY JURISDICTION

15. Diversity jurisdiction also requires that the removing party demonstrate the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332. In the instant case, this requirement is also met.

16. The Tenth Circuit has explained that "[t]he right of removal depends upon the case disclosed by the pleadings when the petition is filed." *Woerter v. Orr*, 127 F.2d 969, 971 (10th Cir. 1942).

17. Plaintiff's prayer for relief seeks damages against the Defendants "as set forth above with her costs, attorney's fees, interest and other such relief the Court shall deem proper all of which are in excess of diversity jurisdiction." (*See* Petition, Prayer for Relief, **EXHIBIT 2**.) In addition to compensatory damages, Plaintiff also seeks punitive damages. (*See* Petition, ¶7, **EXHIBIT 2**.)

18. As such, the Plaintiff's Prayer for Relief is somewhat unclear as to whether the she is seeking $75,000.00 "exclusive of interests and costs." *See* 28 U.S.C. § 1332.

19. When considering a similar issue, the United States District Court for the Northern District of Oklahoma stated as follows:

> When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith. Similarly, *when a defendant seeks federal court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court* . . . . If the plaintiff contests the defendant's allegations, § 1446(c)(2)(B) instructs: "[R]emoval . . . is proper on the basis of an amount in controversy asserted"

> by the defendant "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold. This provision, added to § 1446, clarifies the procedure in order when a defendant's assertion of the amount in controversy is challenged . . . .
>
> In sum, as specified in § 1446(a), *a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.* Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.

*Klementovicz v. State Farm*, Case No. 19-CV-29-JED-FHM, 2019 WL 1379939, at *1-2 (N.D. Okla. Mar. 27, 2019)(citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 553, 54 (2014)(internal citations omitted)(emphasis added)).

20. Even at this early juncture, it is readily apparently from Plaintiff's Petition that she may plausibly recover a sum in excess of the amount required for federal diversity jurisdiction. This satisfies the monetary requirement for removal.

21. Plaintiff seeks compensatory damages for "past and future medical bills, past and future pain and suffering, loss of quality of life, disfigurement, loss of future earning capacity, and lost wages, among others." (*See* Petition, ¶6, **EXHIBIT 2**.)

22. In October 2020, long before she filed suit, Plaintiff presented her accident related medical records and bills to Defendants' insurer in support of her claimed damages. Those bills alone total **more than $175,000.00**, and obviously satisfy the amount in controversy requirement. (*See* Correspondence from William Gosney, dated October 28,

2020, **Exhibit 10.**) Moreover, Plaintiff has undergone additional treatment since October 2020 and, as such, her medical bills have undoubtedly increased since.

23.  Plaintiff is also seeking an unspecified amount of punitive damages for each Defendant's alleged wrongful conduct. When punitive damages are alleged, the Court may consider those damages in determining whether the requisite amount in controversy exists. The Seventh Circuit has stated:

> Where punitive damages are required to satisfy the jurisdictional amount in controversy in a diversity case, a two-part inquiry is necessary. The first question is whether punitive damages are recoverable as a matter of state law. If the answer is yes, the court has subject matter jurisdiction, unless it is clear "beyond a legal certainty that the plaintiff would under no circumstances be entitled to recovery the jurisdictional amount."

*See Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 978 (7th Cir. 2000)(quoting *Cadek v. Great Lakes Dragaway, Inc.*, 58 F.3d 1209, 1211-12 (7th Cir. 1995)); *see also Woodmen of World Life Ins. Society v. Mangarnaro*, 342 F.3d 1213, 1218 (10th Cir. 2003)("Punitive damages may be considered in determining the requisite jurisdictional amount."); *Klemenovicz*, at *2.

24.  Punitive damages in Oklahoma are governed by 23 Okla. Stat. § 9.1, which provides for three categories of damages. Each category increases the amount that a plaintiff can potentially recover. Plaintiff's Petition alleges facts that could, at a minimum, implicate Category I. Category I punitive damages allow a jury, upon finding that "[t]he defendant has been guilty of reckless disregard for the rights of others" to award punitive damages in an amount not to exceed the greater of $100,000.00 or the amount of compensatory damages awarded. 23 Okla. Stat. § 9.1(B)(1).

25. In light of the foregoing, it is perfectly plausible Plaintiff will recover well in excess of $75,000.00 from each Defendant. Therefore, the Defendants' pleading requirement for removal has been satisfied. *See Kelementovicz* at *2.

### REMOVAL TO THIS COURT IS TIMELY AND APPROPRIATE

26. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed with this Court. Defendants were served on August 18, 2021. As such, it has not been thirty (30) days since Defendants were served with this lawsuit.

27. Additionally, pursuant to the same federal statute, one year has not elapsed since the commencement of this action. (*See generally*, Petition, filed on August 13, 2021, **EXHIBIT 2**.)

28. The pertinent language of 28 U.S.C. § 1446(a) provides that the defendant shall file the Notice of Removal in "the District Court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a). Currently this action is pending in the District Court in and for Beckham County, State of Oklahoma. The Western District of Oklahoma includes the County of Beckham. *See* 28 U.S.C. § 116(c). Therefore, removal to this Court is proper.

29. Pursuant to 28 U.S.C. § 1446(d), Defendants will serve written notice of the filing of this Notice of Removal on counsel for Plaintiff, the adverse party. Additionally, a copy of this notice will be filed with the Clerk of the District Court in and for Beckham County, State of Oklahoma.

WHEREFORE, Defendants, 3 D Wolf Transport, LLC and Daniel Joseph Wolf, remove this action from the District Court in and for Beckham County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma.

Respectfully submitted,

*s/ Lauren N. Watson*
Brad L. Roberson, OBA No. 18819
Lauren N. Watson, OBA No. 33636
ROBERSON, KOLKER, COOPER & GOERES, P.C.
16408 Muirfield Place
Edmond, Oklahoma 73013
Telephone:    405-606-3333
Facsimile:    405-606-3334
Email:        brad@rkcglaw.com
              lauren@rkcglaw.com
**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 7, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Nicholas A. Elliott, Esquire
William A. Gosney, Esquire

*s/ Lauren N. Watson*
For the Firm

**CERTIFICATE OF SERVICE**

I hereby certify that on September 7, 2021, I served the same document by U.S. Mail on the following, who are not registered participants in the ECF system:

Donna Howell, Court Clerk          *VIA U.S. MAIL*
Beckham County Courthouse
Post Office Box 520
Sayre, Oklahoma 73662

*s/ Lauren N. Watson*
For the Firm